THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARK ANTHONY IRIZARRY-RIVERA,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

**Civil No. 18-1018 (ADC)**
**[Related to Crim. No. 13-00888-16 (ADC)]**

**OPINION AND ORDER**

Pending before the Court is Mark Anthony Irizarry-Rivera's ("petitioner") *pro se* motion under 28 U.S.C. § 2255 ("petition") at **ECF Nos. 1, 7**.

For the following reasons, the petition at **ECF Nos. 1, 7** is **DENIED**.

**I.     Procedural and Factual Background**

On December 12, 2013, a grand jury returned a multi-count indictment against petitioner and 25 other co-defendants for being participants in a drug trafficking organization, which operations took place within 1,000 feet of a protected location. **Crim. No. 13-00888 (ADC) ECF No. 3** at 2-3. Petitioner was an enforcer who would use firearms to protect the leaders and members of the drug trafficking organization and its interests. **Crim. No. 13-00888 (ADC) ECF No. 625** at 13-14. In Count One, petitioner was charged with conspiring to possess with intent to distribute controlled substances in excess of 280 grams of cocaine base (crack), 1 kilogram of heroin, 5 kilograms of cocaine, and 100 kilograms of marijuana within 1,000 feet of a public

housing project. **Crim. No. 13-00888 (ADC) ECF No. 3** at 2-3. Petitioner was also charged with five other counts. Namely, aiding and abetting in the possession with intent to distribute heroin, cocaine base, cocaine, and marijuana, as well as conspiracy to possess firearms during and in relation to drug trafficking offenses, Counts Two through Six respectively. *Id* at 2-19.

On September 18, 2014, petitioner entered a guilty plea to Count One of the indictment pursuant to the terms and conditions of a plea agreement subscribed by petitioner. **Crim. No. 13-00888 (ADC) ECF No. 625.**[1] On September 19, 2014, a change-of-plea hearing was held before U.S. Magistrate Judge Bruce McGiverin ("Magistrate Judge"). **Crim. No. 13-00888 (ADC) ECF No. 629, 752**. Petitioner was represented by counsel, Attorney Luis Rivera-Rodríguez ("Attorney Rivera"). **Crim. No. 13-00888 (ADC) ECF No. 752** at 2.

The Magistrate Judge found petitioner to be competent and capable of entering an informed guilty plea, aware of the nature of the charged offense and the consequences of his plea and thus found petitioner's guilty plea to be knowing and voluntary. **Crim. No. 13-00888 (ADC) ECF No. 640**. The Magistrate Judge recommended that defendant's guilty plea be accepted. *Id*. The Court adopted the Report and Recommendation on October 15, 2014. **Crim. No. 13-00888 (ADC) ECF No. 709**.

---

[1] Within the plea agreement petitioner stipulated he would be held responsible for at least 5 kilograms, but less than 15 kilograms of cocaine, for purposes of the sentencing calculations. Because of the drug quantity stipulated, the base offense level was determined at a base offense level of 32. *Id* at 4. Furthermore, a two-point enhancement (related to the proximity to a protected location), another two-point enhancement (for possession of a firearm), and a three-point reduction (for petitioner's acceptance of responsibility), were allocated. The result provided for an adjusted offense level of 33. *Id* at 4-5. Thereafter, petitioner's total offense level was further reduced by two points prior to sentencing in accordance with the November 2014 amendments to the United States Sentencing Guidelines. Accordingly, petitioner's total offense level was set at 31. **Crim. No. 13-00888 (ADC) ECF No. 1171** at 6.

Four months later, petitioner filed a motion to withdraw his guilty plea, claiming he was not guilty as charged in the indictment, and asserting the plea was not knowingly executed since at the time he was depressed and not thinking clearly when pleading guilty. **Crim. No. 13-00888 (ADC) ECF No. 746** at 2. The government opposed. **Crim. No. 13-00888 (ADC) ECF No. 750**.

The Court held a hearing on the motion to withdraw the plea of guilty on February 26, 2015. **Crim. No. 13-00888 (ADC) ECF Nos. 757, 1150**. At the hearing, the Court heard testimony from petitioner, and arguments from Attorney Luis Rivera ("Attorney Rivera"), as well as from the government. *Id*. After a thorough recount and analysis of the fact and evidence available, the Court entered an Opinion and Order denying petitioner's motion to withdraw the plea. **Crim. No. 13-00888 (ADC) ECF No. 784**. The Court held, "none of the factors outlined in *[United States v. Merritt*, 755 F.3d 6, 9 (1st Cir. 2014)] weigh in favor of defendant." *Id* at 10.

Petitioner, through his mother, filed a motion in the Spanish language to request an order withdrawing Attorney Rivera as petitioner's attorney. **Crim. No. 13-00888 (ADC) ECF No. 810**. The Court denied the motion because it did not comply with the First Circuit's English language rule. Ensuing petitioner's mother request, Attorney Rivera filed a motion requesting permission to withdraw as attorney, **Crim. No. 13-00888 (ADC) ECF No. 814**, which was also denied by the Court. **Crim. No. 13-00888 (ADC) ECF No. 815**.

Petitioner then filed several pro se motions for discovery and inspection of documents, to appoint counsel, and for reconsideration of the Court's denial to withdraw his plea. **Crim. No. 13-00888 (ADC) ECF Nos. 811, 812, 813.** The government moved to strike all three motions as

they were improperly filed pro se while petitioner had legal representation. The Court denied all three motions. **Crim. No. 13-00888 (ADC) ECF No. 817, 818, 824.** As to petitioner's pro se motion for reconsideration regarding his request to withdraw the plea, the Court evaluated petitioner's arguments and found that he failed to "offer [] arguments that have not already been addressed." **Crim. No. 13-00888 (ADC) ECF No. 824**.

As scheduled, the case was called for sentencing on April 16, 2015. **Crim. No. 13-00888 (ADC) ECF No. 835**. However, petitioner's sentencing had to be continued and rescheduled because of petitioner's renewed request for new counsel and to withdraw his plea. Once again, the Court heard petitioner on these matters. The Court took it upon itself to yet again explain to petitioner the evidence against him, provided during discovery, was available to him at Metropolitan Detention Center in Guaynabo, Puerto Rico. Furthermore, the Court asked the government to summarize the available testimonial evidence for the record. **Crim. No. 13-00888 (ADC) ECF No. 1170**.

Attorney Rivera admitted that he had discussed with petitioner the evidence and the names of potential witnesses available against petitioner before the change of plea hearing. *Id*. In an abundance of caution, however, the Court decided to appoint petitioner yet another counsel in an advisory capacity. *Id*. After hearing all of petitioner's questions and statements, appointing a second attorney in an advisory capacity, and asking the government to provide a summary of the evidence against petitioner, the Court denied petitioner's repeated request to withdraw his plea. *Id* at 21-22.

On September 29, 2015, petitioner once again filed a pro se motion to withdraw the plea. **Crim. No. 13-00888 (ADC) ECF No. 1139.** The Court denied petitioner's pro se motion. **Crim. No. 13-00888 (ADC) ECF No. 1141.** Two days later, petitioner was sentenced to 135 months of imprisonment. **Crim. No. 13-00888 (ADC) ECF No. 1137.**

Petitioner appealed. Specifically, petitioner appealed his conviction and sentence under the argument that the Court abused its discretion in denying the motion to withdraw the plea of guilty. **Crim. No. 13-00888 (ADC) ECF No. 1271.** He argued that the sentence was unreasonable, and the appeal waiver included in the plea agreement should not be enforced against him. The United Stated Court of Appeals for the First Circuit affirmed and found that:

> [t]he district court certainly did not abuse its discretion in denying Irizarry-Rivera's motion to withdraw his guilty plea. The court held a hearing on the motion to withdraw the plea, took testimony, and chose to credit the testimony of one of Irizarry-Rivera's lawyers over the testimony of Irizarry-Rivera. In a careful opinion, the court determined that Irizarry-Rivera had failed to carry his burden of showing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see also *United States v. Merritt*, 755 F.3d 6, 9 (1st Cir. 2014). The court examined the record and found that Irizarry-Rivera's plea was voluntary, intelligent, and informed, that Irizarry-Rivera's testimony at the change-of-plea hearing refuted his arguments for withdrawing the plea, that the timing of the motion to withdraw weighed against granting it, that any assertion of legal innocence Irizarry-Rivera had made was entirely unsupported, and that the government would be prejudiced if the motion were granted. We summarily affirm the denial of the motion to withdraw the guilty plea based substantially on that well-reasoned opinion. See 1st Cir. R. 27.0(c).
>
> As there was no abuse of discretion in the denial of his motion to withdraw the guilty plea, Irizarry-Rivera is bound by his waiver of appeal. This case provides no occasion to excuse that waiver, and so that ends this appeal. **Crim. No. 13-00888 (ADC) ECF No. 1271** at 2.

Several months after, petitioner filed the instant petition to vacate his sentence based on several grounds. **ECF No. 1.** As per the Court's leave, petitioner filed an amended petition and a memorandum in support. **ECF No. 7**. Therein, petitioner narrowed his petition to two arguments: a) Attorneys Rivera's ineffective assistance and, b) that his guilty plea was not intelligent and voluntary. *See* **ECF No. 7-1**.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (*citing Hill v. United States*, 368 U.S. 424, 426-27 (1962)).

Claims that do not allege constitutional or jurisdictional errors are properly brought under § 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id.*

To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient

performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. (citation and internal quotation marks omitted). Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted). This standard is "highly deferential" and courts "indulge a strong presumption that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Walker v. Medeiros*, 911 F.3d 629, 633 (1st Cir. 2018) (citing *Strickland*, 466 U.S. at 689).

The second prong requires that defendant "show that the deficient performance prejudiced the defense, which requires proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jaynes v. Mitchell*, 824 F.3d 187, 196 (1st Cir. 2016). Failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012). The petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996).

However, the court need not address both requirements if the evidence as to either is lacking. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

**III. Discussion**

In his memorandum in support of his petition at **ECF No. 7-1** petitioner raises only two arguments to set aside his sentence: (i) ineffective assistance of counsel (ii) and that the plea was not knowing and intelligent. Notably, petitioner's ineffective assistance of counsel claims hinge on the validity of his guilty plea. *See* **ECF No. 7-1** at 6-14.

**A. Petitioner cannot relitigate the validity of his plea**

As a threshold matter, the Court notes that petitioner's memorandum and petition both ignored a very important and outcome determinative fact: the Court of Appeals affirmed this Court's ruling as to the validity of petitioner's plea. In that regard, the Court of Appeals held that this Court "certainly did not abuse its discretion in denying Irizarry-Rivera's motion to withdraw his guilty plea." **Crim. No. 13-00888 (ADC) ECF No. 1271** at 2. The Court of Appeals then noted, "[t]he court held a hearing on the motion to withdraw the plea, took testimony, and chose to credit the testimony of one of Irizarry-Rivera's lawyers over the testimony of Irizarry-Rivera," "the court examined the record and found that Irizarry-Rivera's plea was voluntary, intelligent, and informed, that Irizarry-Rivera's testimony at the change-of-plea hearing refuted his arguments for withdrawing the plea." *Id*. Finally, the Court of Appeals "summarily affirmed the denial of the motion to withdraw the guilty plea." *Id.*

Accordingly, at the outset, petitioner' is barred from reasserting via a § 2255 petition challenges to the validity of the plea raised and denied on direct appeal. "Issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Murchu v. U.S.*, 926

F.2d 50, 55 (1st Cir. 1991)(quoting *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir. 1967)), *see also Berthoff v. United States*, 308 F.3d 124 (1st Cir. 2002). In addition to being precluded from raising a collateral attack as to a matter that was resolved on direct appeal, the Court of Appeal's judgment is also secured by the law of the case doctrine.

In its relevant part, the law of the case doctrine "involves the so-called mandate rule []which, with only a few exceptions, forbids, among other things, a lower court from relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case[]." *Ellis v. U.S.*, 313 F.3d 636, 646 (1st Cir. 2002)( citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir.1993)). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Naser Jewelers, Inc. v. City of Concord*, 538 F.3d 17, 20 (1st Cir. 2008) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)(internal quotation marks omitted).

Considering the fact that the Court of Appeals explicitly affirmed this Court's determination as to the validity of petitioner's plea, petitioner is precluded from collaterally attacking the plea as an issue he raised on direct appeal. The law of the case doctrine prevents petitioner from challenging the voluntary, intelligent, and informed nature of the plea he entered.

**B.      Intelligent, knowing, and voluntary plea**

Even if the Court disregarded the law of the case, the petition would still lack merit. A "plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge."

*Brady v. U.S.*, 397 U.S. 742, 748 (1970). As a waiver of constitutional rights, a plea "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id*. If it does not meet these criteria, the plea "has been procured in violation of the Due Process Clause and, therefore, a conviction based thereon is invalid." *Ferrara v. U.S.*, 456 F.3d 278, 289 (1st Cir. 2006)(citing *McCarthy v. United States,* 394 U.S. 459, 466 (1969); *Machibroda v. United States,* 368 U.S. 487, 493 (1962)).

To be successful, petitioner-- "who was warned of the usual consequences… [and] punishment for the offense before entering a guilty plea" --"must make two showings." *Ferrara v. U.S.*, 456 F.3d 278, 290 (1st Cir. 2006)(internal citations and quotations marks omitted). First, "that some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea." *Id*. Second, "that the misconduct influenced his decision to plead guilty or, put another way, that it was material to that choice." *Id*.

The petition fails to show either one. Among other general assertions, petitioner claims he had a "change of heart" right after the change-of-plea hearing and he had felt threatened by counsel when told "that if he did not plead guilty, he would receive a substantial sentence as a result of an unadjudicated state case". **ECF No. 7-1** at 12. The Court finds petitioner's change of heart cannot do away with the fact that the plea was intelligent, voluntary, knowing. The record is clear and, in this case, irrefutable.

At the change-of-plea hearing, petitioner admitted under oath that he discussed with his attorney the charged offenses and the purpose of the change-of-plea hearing. **Crim. No. 13-00888 (ADC) ECF No. 752** at 5. Petitioner stated that he was satisfied with Attorney Rivera's legal representation up until that point. *Id*. However, he manifested disagreement with certain aspects of the plea agreement. *Id* at 8. The Court immediately ordered a brief recess for petitioner to convene with Attorney Rivera. After convening with counsel, petitioner then enunciated that he had read the plea agreement with his attorney, that his attorney explained its content to him in the Spanish language, and that he understood the terms of the agreement. *Id*. Petitioner stated that he agreed with everything contained in the plea agreement. *Id*.

Regardless of petitioner's acquiescence to the terms and conditions of the plea agreement, the Magistrate Judge took his time in advising petitioner that the sentencing court was not bound by the plea agreement, and could opt to impose any sentence up to the statutory maximum. *Id* at 10-11. The Magistrate Judge specifically informed petitioner that if the court did not follow the recommendations of the plea agreement, he would not be able to withdraw the guilty plea solely for that reason. *Id*. Petitioner confirmed he understood everything the Magistrate Judge explained. *Id*. The government then provided a summary of the plea agreement's essential terms. Among them, as stated during the government's allocution, that petitioner agreed to be held responsible for at least 5 but less than 15 kilograms of cocaine, yielding a base offense level of 32; to receive a 2-level increase due to the location of the offense; to receive a 2-level enhancement for possession of a firearm; to receive a 3-level reduction for acceptance of responsibility; to a

total adjusted offense level of 33,[2] which yielded a guideline imprisonment range of 135 to 168 months' imprisonment, assuming a criminal history category of I. The parties would recommend a sentence within the guideline range. *Id* at 11.

Petitioner agreed with the government's summary of the facts and evidence against him, including evidence related to petitioner's use of a firearm in furtherance of the drug trafficking conspiracy.[3] *Id* at 13. Petitioner further conceded that he was pleading guilty of his own free will and because he was guilty. *Id* at 13, 24.

Petitioner also indicated that his attorney discussed with him the maximum penalties that he faced for the offense to which he was pleading guilty, and that he understood that the offense carried a mandatory minimum term of imprisonment of ten years and a maximum term of life. *Id* at 14. After conceding having discussions with his attorney about how the sentencing guidelines, departures thereupon, and that the sentence finally imposed could be different from the one that his attorney had estimated (*Id* at 15, 16), the Magistrate Judge then advised petitioner

---

[2] Later reduced pursuant to the November 2014's amendments to the United States Sentencing Guidelines.

[3] The government alluded to evidence from cooperating witnesses and law enforcement officers, video recordings, and photographs of drug ledgers and weapons; evidence showing that petitioner knowingly and intentionally possessed with intent to distribute more than 280 grams of cocaine-base, more than 1 kilogram of heroin, more than 5 kilograms of cocaine, and more than 100 kilograms of marijuana, within 1,000 feet of a public housing project; that he participated as an enforcer of the drug trafficking conspiracy; that he possessed a firearm to protect leaders and members of the conspiracy, the narcotics, and the proceeds derived from sales; that he acted upon instructions from the conspiracy's leaders and provided protection to the drug points within the housing project; and that he used a firearm in furtherance of the conspiracy. **Crim. No. 13-00888 (ADC) ECF No. 752** at 21-24.  Although petitioner agreed and admitted to all of the facts described by the government, Attorney Rivera explained that petitioner did not agree to the fact that he possessed a firearm in furtherance of the conspiracy, *Id* at 24.  The Magistrate Judge asked whether defendant knew that the same fact was contained in the plea agreement's statement of facts, which had been signed by defendant, and defendant stated that he did in fact understand that. *Id* at 25.

that he did not have to plead guilty and that he had the right to proceed to trial by jury. *Id*. The Magistrate Judge proceeded to read Count One of the indictment. Petitioner stated that was the offense to which he wished to plead guilty. *Id* at 19. The Magistrate Judge also explained various terms contained in Count One and the elements of the offense that the government would have to prove at trial. Again, petitioner asserted that he understood. *Id* at 19-21.

After holding a hearing to address the motion to withdraw his guilty plea, the Court reasoned that petitioner had "failed to show that his guilty plea was not voluntary, intelligent, and informed." **Crim. No. 13-00888 (ADC) ECF No. 784** at 7. Among the more salient aspects of the hearing, Attorney Rivera asserted that he developed communication with defendant and that they met prior to the change-of-plea hearing. *Id* at 7-8. Attorney Rivera attested that he had notes within his case file proving this particular issue and that he provided defendant with photographs of the government's evidence, including photos of drugs and firearms. *Id* at 7-8. Because "[petitioner] lied during the change-of-plea hearing[,] [t]he Court finds [his] latter testimony to be self-serving, at best, and does not consider it to have any merit for purposes of deciding the motion to withdraw." *Id* at 8. After pondering all the evidence and the applicable case law, the Court found that "none of the factors outlined in *Merritt* weigh in favor of defendant." *Id* at 10 (citing *United States v. Merritt*, 755 F.3d 6, 9 (1st Cir. 2014)).

Petitioner was warned of the consequences of pleading guilty and the range of potential punishment both by his attorney and by the Magistrate Judge. Thus, considering all the circumstances surrounding the plea, the Court finds anew that petitioner has not been able to

make a minimal showing of "egregiously impermissible conduct… antedated the entry of his plea." *Ferran v. U.S.*, 456 F.3d at 290. His post-plea "change of heart" is irrelevant to such inquiry. Second, petitioner's petition and memorandum fail to present a minimal showing as to "misconduct [that] influenced his decision to plead guilty." *Id*. Notably, as stated before, petitioner expressed satisfaction with Attorney Rivera's performance on several occasions during the change-of-plea hearing. His now facially undeserving assertions at **ECF No. 7-1** cannot amount to a valid challenge to his own word under oath. Moreover, as an additional safety measure the Court appointed a second attorney to assist petitioner in an advisory capacity as soon as petitioner expressed discomfort with Attorney Rivera during the April 2015 hearing.

Therefore, even if the Court gave petitioner the benefit of the doubt and held his petition against a more lenient standard, petitioner has failed to show a "fair and just reason" for leave to withdraw the plea. *See U.S. v. Flete-García*, 925 F.3d 17, 24 (1st Cir. 2019), cert. denied, 140 S. Ct. 388 (2019)(citing *United States v. Merritt*, 755 F.3d at 9)).

### C. Counsel's effectiveness

Petitioner tries to eschew the fact that he is precluded from relitigating the validity of his plea by peppering his petition with claims of ineffective assistance of counsel. Particularly, petitioner's main argument for a finding of ineffective defense is that Attorney Rivera: a) allegedly pressured him into pleading guilty (which relates to voluntariness), b) failed to sufficiently explain the case or evidence against him (which relates to the " knowingly" element) and, c) was delayed in moving to withdraw his guilty plea (a factor to be considered while

evaluating his petition to withdraw his guilty plea). **ECF No. 7-1** at 6. As a matter of fact, five out of the eight pages of petitioner's ineffective assistance argument as well as the basis of his ineffective assistance of counsel claim; are all related to his unsuccessful quest to withdraw the plea. Aware of the correlation between petitioner's ineffective assistance of counsel and his challenges to the voluntariness of the plea, the Court will now address petitioner's ineffective assistance of counsel arguments.

Petitioner contends that Attorney Rivera failed to timely file a motion to withdraw the plea of guilty. Specifically, petitioner posits that counsel filed the motion several months after his initial request to that end. **ECF No. 7-1** at 8-9, 11. He also complains about Attorney Rivera's lack of confidence in "his client's protestations of innocence." *Id* at 8. And asserts that his plea was the product of misrepresentations and threat. Petitioner specifically asserts that "[Attorney] Rivera threatened [petitioner] that if he did not plead guilty, he would receive a substantial sentence as a result of an unadjudicated state case to which [petitioner] consistently professed his innocence." *Id* at 12.[4] Finally, petitioner interprets Attorney Rivera's statements during the evidentiary hearing to withdraw his guilty plea as prejudicial to him and inasmuch, he adds, they fell below an objective standard of reasonableness. *Id* at 7, 9.

Petitioner's arguments can be divided into events that occurred before and after the change of plea. Because the plea is valid, as discussed above, the Court will now focus on

---

[4] A review of the appellate docket reveals that similar arguments were raised by petitioner in his appellant's brief docketed on August 1, 2016.

petitioner's claims based on events that took place before he entered plea of guilt. Throughout the petition, petitioner highlights counsel's reference to a state court case as what he considers one of counsel's misrepresentations, "scare" tactics, and threats used to induce him into entering a plea of guilt. "As it turns out," petitioner added, "[he] was acquitted, by a jury, of the state charges." **ECF No. 7-1** at 13. However, as correctly indicated in the government's repose at **ECF No. 20**, petitioner's acquittal of state court charges is irrelevant for the inquiry before the Court because the truth of the matter is that the state case was still pending at the time of the change of plea. *Id*. Moreover, even if eventually acquitted, as facts supportive of enhancements, a quantum of preponderance would have sufficed. *See United States v. Lombard*, 72 F.3d 170, 176 (1st Cir. 1995).

Moreover, what petitioner generally labels as misrepresentations and mechanisms to "scare" petitioner into pleading guilty the Court considers as legal advice about the advantages or disadvantages of entering a guilty plea. *Id* at 15. During the April 16, 2015 hearing, Attorney Rivera explained that before petitioner entered his plea of guilty, they discussed the evidence "with the intent that he would know who the witnesses would be and what would happen if he went to trial and his exposure." **Crim. No. 13-00888 (ADC) ECF No. 1170** at 17. "I advised him that he should not go to trial because he could face over 25 years in this case. That was my honest assessment of the case." *Id*. According to his testimony, the advice provided by Attorney Rivera about potential exposure and risks of going to trial was counsel's assessment and big-picture evaluation of possible scenarios. And rightfully so because Attorney Rivera had a "critical

obligation… to advise the client of the advantages and disadvantages of a plea agreement." *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010)(quoting *Libretti v. United States,* 516 U.S. 29 (1995)). Thus, the Court finds petitioner's argument unsubstantiated and meritless.

Finally, petitioner's claims of prejudice as a result of Attorney Rivera's allocution during the hearing on the motion to withdraw the plea, are also unconvincing. *See* **ECF No. 7-1** at 8-9, 11, 12. Petitioner specifically references Attorney Rivera's statements indicating that he had an ethical obligation "in terms of filing something on behalf of the client… I do not believe it is a wise move and that it will be against his best interest." *Id* at 9. The Court finds no prejudice in counsel's statements. Attorney Rivera was under no obligation to file a motion he did not believe in or that, in his view, lacked merit such as the motion to withdraw the plea. The First Circuit has held that "[t]rial counsel [is] under no obligation to raise meritless claims. Failure to do so does not constitute ineffective assistance of counsel." *Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990). This conclusion, together with the fact that the Court found in its Opinion and Order that petitioner contradicted himself at the change-of-plea hearing, **ECF No. 784** at 8, puts to rest petitioner's argument faulting Attorney Rivera for not filing the motion to withdraw the plea as soon as petitioner allege having so requested.

Therefore, here, petitioner failed to "show that his counsel's performance was deficient," and failed to show as well that "the deficient performance prejudiced the defense." *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Attorney Rivera's errors, if any, were not so serious to hold that he did not qualify as a

proper "counsel" within the scope of the Sixth Amendment. *Id*. Although the Court interpreted petitioner's pro se petition liberally, the Court must "indulge a strong presumption that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Walker v. Medeiros*, 911 F.3d 629, 633 (1st Cir. 2018) (citing *Strickland*, 466 U.S. at 689). The petition read together with the totality of the record fails to establish a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jaynes v. Mitchell*, 824 F.3d 187, 196 (1st Cir. 2016).

In light of the above, petitioner is not entitled to an evidentiary hearing on his petition, which basically intends to relitigate the validity of his plea. Because "[e]videntiary hearings on §2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted," *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citing *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)), petitioner's request at **ECF No. 7-1** for an evidentiary hearing is denied.

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing §2255 Proceedings, Rule 11, 28 U.S.C. §2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying the standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied. Accordingly, the COA is **DENIED**.

### IV.    Conclusion

Accordingly, the petition at **ECF No. 1** amended by **ECF No. 7** is hereby **DENIED**. The case is thus **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2021.

                                                                    **S/AIDA M. DELGADO-COLÓN**
                                                                    **United States District Judge**